On October 31, 1997, Appellant Christopher Comersford pled guilty to one count of attempted murder, and one count of attempted felonious assault. The charges stemmed from an incident involving two teenage girls whom Appellant Comersford drove to an isolated area near the Orange-Genoa Township border under the guise of arranging a photography session. The trial court subsequently sentenced appellant to ten years imprisonment for attempted murder, and five years imprisonment for attempted felonious assault. The court ordered the sentences to be served consecutively.
The trial court imposed the maximum sentences, and made,inter alia, the following determinations:
 1. Taking into consideration that psychological harm and serious physical harm was inflicted upon the two teenage female victims, the Defendant committed the worst forms of the subject offenses.
 2. The Defendant's prior criminal history demonstrates that the Defendant poses the greatest likelihood that he will commit future crimes.
(Judgment Entry on Sentences, at 3.)
Appellant filed his original notice of appeal on January 12, 1998; however, this Court dismissed the appeal for want of prosecution on June 29, 1998. This Court then reinstated the appeal, on motion of the appellant, on July 17, 1998.
Appellant raises the following assignment of error:
 THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT TO THE LONGEST PRISON TERMS ALLOWED FOR THE OFFENSES HE WAS CONVICTED OF WITHOUT MAKING THE FINDINGS REQUIRED BY 2929.14(C).
Under Ohio law, the trial court must adhere to the various provisions for sentencing in Chapter 2929 of the Revised Code. The specific statute in question, R.C. 2929.14(C), reads as follows:
 Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Appellant argues that a trial court applying the above statute must find that the individual offender meets all four
criteria in order to impose the maximum prison term. We disagree. The statute in question merely provides a listing of the four types of offenders upon which the trial court may impose the maximum prison term. Thus, R.C. 2929.14(C) requires that the trial court, in order to impose the maximum term of imprisonment, must find that an offender meets at least one of the four criteria designated therein.
Our holding is in accord with numerous jurisdictions in Ohio. See, e.g., State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported; State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported; State v. Goetz (Oct. 23, 1998), Hamilton App. No. C-970503, unreported; State v. Clark
(June 19, 1998), Greene App. No. 97 CA 26, unreported. In contrast, appellant cites no case law directly corresponding with his interpretation of this statute.
We again note that the trial court made explicit findings in this matter pertaining to not only one, but two of the criteria contained in R.C. 2929.14(C). As appellant does not challenge these two findings as being unsupported by the record, further review of the trial court's sentencing decision is not necessary.
Appellant's Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio is affirmed.
By: Wise, P. J., Hoffman, J., and Edwards, J., concur.
___________________
___________________
 ___________________ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
____________________
____________________
 ____________________ JUDGES